## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**CHARLES LOUIS JACKSON**
**ADC# 94592**                                                        **PETITIONER**

**VS.**                        **CASE NO. 5:16-CV-209-BRW-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction, et al.**                  **RESPONDENT**

### RECOMMENDED DISPOSITION

**I**.    **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to

Judge Billy Roy Wilson.  Mr. Jackson may file written objections with the Clerk of Court

within fourteen (14) days of filing this Recommendation.  Objections must be specific

and must include the factual or legal basis for the objection.  An objection to a factual

finding must identify the finding of fact believed to be wrong and describe the evidence

that supports that belief.

By not objecting, any right to appeal questions of fact may be waived.  And, if no

objections are filed, Judge Wilson can adopt this Recommendation without independently

reviewing the record.

**II.**    **Jurisdiction**

Petitioner Charles Louis Jackson, an inmate in the Arkansas Department of

Correction ("ADC"), filed the pending petition for writ of habeas corpus under 28 U.S.C.

§ 2254.  (Docket entry #1)  In July of 1990, Mr. Jackson was convicted of capital murder,

burglary, and theft of property.  He is currently serving a life sentence without the possibility of parole for murder; ten years for burglary; and five years for theft of property.  *Jackson v. State*, No. CR 90-274, 1993 WL 33568, at *1 (Ark. Feb. 8, 1993).

In 2001, Mr. Jackson filed a federal habeas petition under 28 U.S.C. § 2254, challenging the 1990 convictions.  *Jackson v. Norris*, 5:01cv00203-JMM (June 15, 2001). In the petition, Mr. Jackson contended that he had been denied a fair and impartial trial; that the court erred in denying his motion to dismiss his case or transfer it to juvenile court; that the trial court abused its discretion in allowing the prosecutor to file charges; prosecutorial misconduct in filing the charges; that the court incorrectly decided a motion to suppress; violations of the Speedy Trial Act; denial of due process; inconsistent witness testimony; that a witness was not impartial to the outcome of the case; and that the court erred in denying his motion for directed verdict.  *Id*. at docket entries #7 and #9. The Court denied his petition because it was barred by the statute of limitations, and because Mr. Jackson had not properly presented his claims in state court and had not established cause, prejudice, or actual innocence so as to overcome his default.  *Id*.  Mr. Jackson did not appeal.

Mr. Jackson filed a second petition challenging the same judgment and commitment order.  In that petition, he contended that the trial court lacked jurisdiction. *Jackson v. Norris*, 5:07cv00172-BRW (July 11, 2007).  The Court denied the petition as an unauthorized second or successive petition.  *Id*. at docket entry #5.

In this petition, Mr. Jackson challenges the same judgment and commitment order. (#1)  Again, the Court lacks jurisdiction to hear Mr. Jackson's petition.  As noted, Mr. Jackson has already challenged his conviction through a federal habeas petition.  Before he is eligible to file another federal habeas corpus petition, he must seek and receive an order from the Court of Appeals for the Eighth Circuit authorizing this court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  Authorization is required even where the petitioner claims actual innocence.  28 U.S.C. § 2244(b)(2)(B)(i)-(ii).  Without an order from the court of appeals authorizing the filing of a second petition, the district court lacks jurisdiction to hear the petition.  *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals.  See Rule 4, Rules Governing Habeas Corpus Cases;  *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).  The pending petition is clearly successive.

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements.  See 28 U.S.C. § 2244(b)(2).

III.    **Conclusion**

The Court recommends that Judge Wilson DENY and DISMISS Charles Louis Jackson's petition for writ of habeas corpus (#1), without prejudice, for lack of jurisdiction.  The Court further recommends that Judge Wilson deny a certificate of appealability.

DATED this 26th day of July 2016.

_____
UNITED STATES MAGISTRATE JUDGE